# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **IGNACIO LOZANO** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| *Defendant.* | § | |

## INDEX OF MATTERS BEING FILED
## AND LIST OF ALL COUNSEL OF RECORD

Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1. Index of Matters Being Filed and List of All Counsel of Record;

2. Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A. Plaintiff's Original Petition, filed March 21, 2019 (attached as Exhibit 1-A);

   B. Service to State Farm Lloyds on March 7, 2019 (attached as Exhibit 1-B);

   C. Defendant's Original Answer, filed April 16, 2019 (attached as Exhibit 1-C);

3. A copy of the state court docket sheet (attached as Exhibit 1-D).

The parties' respective attorneys are as follows:

A.   ATTORNEYS FOR PLAINTIFF:

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Phone: 956-631-0745

B.   ATTORNEYS FOR DEFENDANT:

Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Phone: 956-294-4800
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Phone: 956-294-4800

Dated: April 17, 2019.

# EXHIBIT 1-A

Filed
3/21/2019 2:10 PM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2019CVK000528D1

CAUSE NO. _____

| | | |
|---|---|---|
| **IGNACIO LOZANO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYD'S** | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS

---

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, IGNACIO LOZANO herein individually "Plaintiff", and files this Plaintiff's Original Petition complaining of Defendant STATE FARM LLOYD'S, (herein "Defendant Insurance Company" or "Defendant"), and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery pursuant to Rule 190.3 under and affirmatively pleads that Plaintiff seeks only monetary relief aggregating less than $100,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

1.2    Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff's monetary request for relief is not to exceed $100,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. Tex. R. Civ. P. 47(c)(1).

---

## II. PARTIES

2.1    Plaintiff, IGNACIO LOZANO, is an individual who resides in Webb County, Texas.

2.2    Defendant STATE FARM LLOYD'S ("Defendant Insurance Company") is a Domestic insurance company incorporated in the State of Texas, organized under the laws of the State of Texas, and engaged in the business of insurance in the State of Texas.  **Service of process is requested to be effectuated by certified mail on said Defendant by delivering the Citation and a copy of the Original Petition to said Defendant and/or Defendant's registered agent at:**

 **Corporation Service Company**
**211 E 7th St Ste 620**
**Austin TX 78701 -3218**

**The court's clerk is requested to issue the Citation and Original Petition by certified mail.**

### III. JURISDICTION & RULE 47(c) STATEMENT

3.1    This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff affirmatively states, pursuant to Rule 47(c)(1) and Rule 47(d) Tex.R.Civ.Proc., that Plaintiff seeks monetary relief not to exceed $100,000.00 and a demand for judgment for all other relief to which Plaintiff deems Plaintiff is entitled to as demonstrated herein.

3.2    This Court has jurisdiction over Defendant Insurance Company because this Defendant is an insurance company which engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## IV. VENUE

4.1     Venue is proper in Webb County, Texas, because the insured property, subject to this suit, is situated in Webb County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

## V. FACTS

5.1.     Plaintiff purchased a policy from Defendant Insurance Company, insuring Plaintiff's property against certain losses. The Policy number was 83C1T7849 (hereinafter referred to as "the Policy")

5.2     Plaintiff owns the insured property, which is located at 607 Bayonne Lane Laredo, TX 78045 (hereinafter referred to as "the Property").

5.3.     On or about May 21, 2017, a hailstorm passed through Webb County and caused extensive damage to the insured property (the "hailstorm event"). Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant Insurance Company for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 53-0530-P52.

5.4     Subsequent to Plaintiff making the Claim, Defendant Insurance Company assigned a local Texas Adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiff's claim.

5.5     After having the damages reevaluated by a qualified adjustor, Plaintiff sent Defendant a demand for payment of the claim. In response, Defendant Insurance Company has failed to tender adequate payment to which Plaintiff is entitled.

5.6     Plaintiff requested that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as

those within the interior, pursuant to the Policy.

5.7     Defendant Insurance Company has wrongfully delayed and denied payment of the balance due to Plaintiff for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant Insurance Company has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiff's property were substantially less than the actual cost of repairs.

5.8     Pleading in the alternative, Plaintiff's actual covered damage and losses to the Property as a result of the hailstorm and other covered losses, including the costs of temporary repairs and alternative living expenses, have caused other consequential damages to be sustained by Plaintiff herein. Defendant Insurance Company is liable for these consequential damages due to its failure to promptly and sufficiently pay the claim.

5.9     Pleading in the alternative and based upon information and belief, the Adjustor was compensated for each claim the Adjustor adjusted on behalf of Defendant Insurance Company and/or other combination of compensation tied to the quantity of claims adjusted. As part of this believed agreement, the Adjustor under-scoped the value of the damages to the Property on behalf of Defendant Insurance Company.  The Adjustor was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's hailstorm damage property claim in order to increase the number of claims the Adjustor adjusted for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g).  The Adjustor was negligent in violating Defendant Insurance Company's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to the Property and by failing to fully investigate and evaluate the Plaintiff's insured losses based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g).

Additionally, based upon information and belief and the acts and the practices the Adjustor actually employed, the Adjustor held a personal bias in favor of Defendant Insurance Company and prejudicially against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).  The Adjustor, on behalf of Defendant Insurance Company, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a)      The Adjustor failed to properly investigate and inspect the Property during repair of the property which would have revealed other covered hailstorm damage property losses;

b)      The Adjustor failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c)      The Adjustor refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist in Property that has undergone hailstorm damage of the severity that Plaintiff's Property sustained;

d)      The Adjustor failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiff's Property due to the hailstorm damage;

e)      The Adjustor performed only a cursory inspection of the exterior and interior of the insured Property, spending insufficient time at the Property to properly assess all items of

damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant Insurance Company for the hailstorm damages and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the hailstorm event;

      f)      Pleading in the alternative, the Adjustor, during the investigation of the Plaintiff's claim, made coverage decisions, which the Adjustor was not qualified and/or authorized to perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiff's covered hailstorm claim and its losses to Defendant Insurance Company;

      g)      Defendant Insurance Company fraudulently represented to Plaintiff verbally and by conduct, insisted that the majority of the damages to the Property were not related to the hailstorm event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the Adjustor's reports to Defendant Insurance Company. Based upon information and belief, Defendant Insurance Company's acts and omissions as they pertain to the mishandling of Plaintiff's claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjustor, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

      5.10    Based upon information and belief, Defendant Insurance Company failed to thoroughly review the fraudulent and inaccurate assessment of the Claim as produced by the Adjustor and ultimately approved the Adjustor's inaccurate reports of the damages to the Property.

5.11    The mishandling of Plaintiff's claim has also caused a delay and hardship in the ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiff's Property and mental anguish as a result thereof. To date, Plaintiff has yet to receive the full payment to which Plaintiff is entitled under the Policy.

5.12    In the alternative, without waiving the foregoing, and based upon information and belief, Defendant Insurance Company instructed the Adjustor to follow their claims processing guidelines of in connection with the claims handling process for Plaintiff's claim. Defendant Insurance Company was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiff's claim. Defendant Insurance Company was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling. Defendant Insurance Company breached such duties in connection with the Claim by failing to properly train, direct and oversee the claims handling practices employed by the Adjustor.

5.13    At all times material herein, Defendant Insurance Company had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policy holders – specifically Plaintiff. Defendant Insurance Company represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and property insurance policies. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to property losses, Plaintiff relied on such misrepresentations to Plaintiff's detriment, and hence (1.) purchased the Policy

from Defendant Insurance Company, and (2.) accepted the estimate of damages from Defendant Adjustor which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained.   Defendant Insurance Company made such representations knowing they were false and with the intent that Plaintiff rely on such representations.

5.14   Based upon information and belief, Defendant Insurance Company, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein by assigning the Adjustor to adjust and handle Plaintiff's claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjustor's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as set forth herein.

5.15   Based upon information and belief, Defendant Insurance Company distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjustor and held meetings and issued directives to the field instructing how Defendant Insurance Company wanted claims like Plaintiff's to be handled. Defendant Insurance Company, through directives to its adjusters like the Adjustor, tasked those adjusters assigned to Plaintiff's claim with handling such losses in line with Defendant Insurance Company's policy and procedures. Defendant Insurance Company communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjustor of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property.   These policies served to fuel and motivate the Adjustor's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

5.16    On or about June 27, 2017, Defendant Insurance Company conducted an inspection at the property. Later, on or about June 27, 2017, Defendant Insurance Company sent Plaintiff a claim outcome letter and adjustment. Said letter acknowledged the damage and stated that "there is covered damage caused by wind and hail" while at the same time excluding nearly all the damage on the property, citing that damages were a result of indirect losses, which are not covered by Plaintiff's policy. Defendant Insurance Company then refused payment, stating that the acknowledged damage was under Plaintiff's deductible. Defendant Insurance Company's decision to refuse liability relied upon an inadequate and under-scoped adjustment which resulted in a denial of payment. Defendant Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy, instead Defendant Insurance Company under-adjusted Plaintiff's claim. Plaintiff subsequently retained the services of the undersigned counsel who attempted to effectuate an expedient settlement by sending the requisite statutory notice. After which Defendant Insurance Company requested a second inspection. As such, Plaintiff complied and a secondary inspection was completed on August 9, 2017. Defendant Insurance Company original position remained unchanged. Consequently, Plaintiff is compelled to file suit and asserts that all conditions precedent to recovery have been satisfied by Plaintiff. Defendant Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Defendant Insurance Company's conduct constitutes a breach of the insurance contract between Defendant Insurance Company and Plaintiff.

5.17    From and after the time Plaintiff's claim was presented to Defendant Insurance Company, the liability of Defendant Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Defendant Insurance Company has

refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   Defendant Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

5.18    Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5.19    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing Plaintiff with respect to these causes of action.

5.20    Based upon information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant Insurance Company committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Insurance Company with regard to the handling of these types of claims. Defendant Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

6.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-5.20 and incorporate the same herein by this reference as if here set forth in full.

6.2    Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

Practices. TEX. INS. CODE §§541.060(a)(1).

6.3    Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

6.4    Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

6.5    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

6.6    Defendant Insurance Company refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

6.7    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's

claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

6.8    Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

6.9    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## VII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – FRAUD

7.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-6.9 and incorporate the same herein by this reference as if here set forth in full.

7.2    Defendant is liable to Plaintiff for common law fraud.

7.3    Defendant Insurance Company represented in its policy that damages resulting from a hailstorm would be insured against loss. Plaintiff, to its detriment, purchased Defendant Insurance Company's policy in exchange for a benefit Defendant Insurance Company knew the Plaintiff would not receive. Plaintiff further relied to its detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiff's claim. Plaintiff was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were

not aware of the deceptive, fraudulent practices which required that they hire an independent adjustor after the delays and failure to provide the promises adjusting services were discovered. Defendant, based upon its experience, special knowledge of hailstorm structural loss issues and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

7.4    Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff. Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff. Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff sought representation of the undersigned counsel in an attempt to expedite the resolution of this claim dispute without unnecessary litigation. However, Defendant Insurance Company has recalcitrantly failed to pay funds which are owed on this claim in which Defendant's liability to pay is clear. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance

7.5    The conduct of Defendant has prolonged Plaintiff's hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated

those representations to Plaintiff which were false.  Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

7.6     Defendant made statements and performed actions with the intention to manipulate Plaintiff to act as Plaintiff did, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## VIII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –
## CONSPIRACY TO COMMIT FRAUD

8.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-7.6 and incorporate the same herein by this reference as if here set forth in full.

8.2     Defendant is liable to Plaintiff for conspiracy to commit fraud.  Defendant, through its relationships with adjusters, and/or third party claims adjusting firms, was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result. Plaintiff does not seek damages from conspirators other than Defendant Insurance Company, but reserves the right to amend this pleading.

## IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –
## BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

9.1     Plaintiff replead all of the material allegations above set forth in Paragraphs 1.1-

8.2 and incorporate the same herein by this reference as if here set forth in full.

9.2     Defendant Insurance Company is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

9.3     Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiff.

9.4     Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiff.

9.5     Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## X. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

10.1     The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

10.2     Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Defendant Adjustor including the manner in which they discharged or failed to properly discharge their duties under the

common law and applicable statutory laws and regulations.

## XI. KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XII. DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

12.2    As previously stated, the damages caused by the hailstorm event were not fully paid by Defendant Insurance Company and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant Insurance Company, which has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

12.3    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

12.4    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

12.5    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims,

Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten percent (10%) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

12.6    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

12.7    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

12.8    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### XIII. RESERVATION OF RIGHTS

13.1    Plaintiff reserves the right to prove the amount of damages at trial.  Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

### XIV. CONDITIONS PRECEDENT

14.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

### XV. JURY DEMAND

15.1    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

### XVI. REQUESTS FOR DISCLOSURE TO DEFENDANT

16.1    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Insurance Company and Defendant Adjustor disclose within fifty days (50) of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

### XVII. PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY
### INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

17.1    Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, you are hereby requested to produce the below designated "documents" which shall include, but are not limited to, papers, books, accounts, writings, drawings, graphs, charts, photographs, emails, electronic data, meta data or any other form of recordings and other data compilations from which information can be obtained, translated, or reproduced, if necessary by you, your agents or attorneys, through appropriate devices into reasonably usable form, and to produce the below designated tangible things which constitute or contain matters which are in the possession, custody or control of you, your agents, servants or attorneys, for inspection, sampling, testing, photographing and/or copying on the first business day after the expiration of fifty (50) days after service of these Requests for Production, at 4900 North 10th Street, Suite F3, McAllen, Texas 78504 pursuant to Rule 196.2(a) Tex.R.Civ.Proc. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of

---

items that inspection will be permitted as requested and that you will comply with this Request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed.

## INSTRUCTIONS AND DEFINITIONS

17.2    In answering the following interrogatories and responding to the following Requests for Production, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer an Interrogatory or respond to a Request for production in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

17.3    The INTERROGATORIES and REQUESTS FOR PRODUCTION OF DOCUMENTS which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers and responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to these Interrogatories and Requests for Production of Documents below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

a.    "Person(s)" means natural persons, corporation, partnerships, sole proprietorships, unions, associations, federations, reciprocal or inter-insurance exchange, Lloyd's

plan, adjustor, contractor/estimator, engineer, independent contractor or any other kind of entity.

b.    "Document" means any printed, typewritten, hand written, electronically stored information in its native format, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(1)   "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(2)    "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(3)    "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

c.    "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

d.    "Handle", "handled", "handling" and/or "worked on" – any person as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims mad the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

e.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this suit occurred.

f.    "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this suit.

g.   "Claim" or "Claim made the basis of this Suit" shall mean the claim filed by Plaintiff under Policy No. 83C1T7849 for structural damage incurred as a result of a hailstorm damages throughout the insured premises located at 607 Bayonne Lane Laredo, TX 78045, on or about May 21, 2017.

h.   "Describe" and/or "Identify", when referring to a document, is defined to require that you state the following:

   1.   The nature (e.g., letter, handwritten note) of the document;

   2.   The title or heading that appears on the document;

   3.   The date of the document and the date of each addendum, supplement, or other addition or change;

   4.   The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

   5.   The present location of the document, and the name, address, position, or title, and telephone number of the person or persons having custody of the document.

If you object to identifying any person as hereinabove defined, or producing any item requested, or you feel that a court order should be obtained by this party, please so state in your answer to the interrogatory or response to a request for production.

## ADDITIONAL INSTRUCTIONS REGARDING REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION

1.   Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, pursuant to Rule 196.4 of the Texas Rules of Civil

Procedure and should not be converted to an imaged format (e.g. .PDF) unless such document must be redacted to remove privileged content or the document does not exist in a native electronic format, in which case a privilege log is requested.

2. Native format requires production in the same format in which the information was customarily created, used and stored by you. Examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced are as follows for each ESI Source:

   a) <u>Microsoft Word documents</u> - .DOC, .DOCX.

   b) <u>Microsoft Excel Spreadsheets</u> - .XLS, .XLSX.

   c) <u>Microsoft PowerPoint Presentations</u> - .PPT, .PPTX.

   d) <u>Microsoft Access Databases</u> - .MDB.

   e) <u>WordPerfect documents</u> - .WPD.

   f) <u>Adobe Acrobat Documents</u> - .PDF.

   g) <u>Photographs</u> - .JPG.

   h) <u>E-mail Messages</u> - should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically-searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced.

i)    Databases (excluding e-mail systems) **-** Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships.  If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate Plaintiff crafting a query to extract and export responsive data.

3.    Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

4.    Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable .PDF format with logical unitization preserved.

5.    Production should be made using a flash/thumb drive or a portable external hard drive. If flash/thumb drives or portable external hard drive are not available to Defendant, Plaintiff will provide to Defendant upon request.

6.    Documents produced should be Bates numbered by naming the file produced to conform to the Bates number assigned to that file, supplying the original file name data in the delimited load file described below.  .PDF production of documents that do not exist in a native electronic format may be Bates numbered on each page in a manner that does not obscure content by embossing the Bates number of the file followed by a dash and the page number. Respond to each request for documents by listing the Bates numbers of responsive documents produced

7.   Production should include a delimited load file supplying relevant system metadata field values for each document by Bates number.  The field values supplied should include (as applicable):

    a. Source file name;

    b. Source file path;

    c. Last modified date;

    d. Last modified time;

    e. Custodian or source;

    f. Document type;

    g. MD5 hash value;

    h. Redacted flag; and,

    i. Hash de-duplicated instances (by full path).

8.   Documents should be vertically de-duplicated by custodian using each document's hash value. Near-deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes or application metadata.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSURANCE COMPANY

1.   The following insurance documents issued for the Property as identified in the Petition:
    a.   the policy at issue for the date of loss as identified in the Petition

RESPONSE:

2.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request includes, but is not limited to all documents relating to any real property insurance claims made by Plaintiff. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.      All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

RESPONSE:

4.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

5.      All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

6.      All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

7.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hailstorm property damage.

RESPONSE:

8.      All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

9.      Produce all documents showing amounts billed and paid to any engineer and/or engineering firm, third-party claims service, and/or independent adjuster who participated in the evaluation, assessment, and/or adjustment of the claim made subject of this suit. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

10.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. As part of said personnel files, this request includes documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit. This request is limited to the past 5 years.

      RESPONSE:

11.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit, as well as all reports that include this claim specifically and the manner by which it was evaluated from the date of the hailstorm to the present.

      RESPONSE:

12.   Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 11 above.

      RESPONSE:

13.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

      RESPONSE:

14.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

      RESPONSE:

15.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

      RESPONSE:

## WRITTEN INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

1. Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant, including those providing information for the answers to these interrogatories.

   ANSWER:

2. State the following concerning notice of claim and timing of payment:
   a. The date and manner in which Defendant received notice of the claim;
      i. If Defendant contends that Plaintiff failed to provide proper notice of the claim made the basis of this suit under the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.
   b. The date and manner in which Defendant acknowledged receipt of the claim;
   c. The date and manner in which Defendant commenced investigation of the claim;
   d. The date and manner in which Defendant requested from the Plaintiff all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiff;
   e. The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.
   f. To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.
   g. The date and manner in which you notified Plaintiff of acceptance or rejection of coverage for all or any portion of Plaintiff's claim; and
   h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.
   i. The date(s) on while Defendant closed Plaintiff's claim, if applicable.

   ANSWER:

3. Identify each inspection of the Property made the basis of this Lawsuit by:
   a. The name and job title of each person who inspected the Property;
   b. The date of each inspection;
   c. The purpose of each inspection; and
   d. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.
   e. In the event that Defendant contends that Plaintiff ailed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

4.    If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

ANSWER:

5.    At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied or partially paid or denied in part.

ANSWER:

6.    Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiff failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

ANSWER:

7.    At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiff. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiff did not respond and if Defendant denied any portion of the claim based on Plaintiff's failure to respond.

ANSWER:

8.    At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiff's claim.

ANSWER:

9.     Identify and state each and every basis, contention and reason why Defendant Insurance Company has not fully paid Plaintiff's Claim, as they relate to why Defendant Insurance Company disputes the dollar amount of the Claim submitted to it by Plaintiff for the replacement of and/or costs to repair the property and all other losses and expenses submitted by Plaintiff to Defendant Insurance Company in connection with the hailstorm damage claim made the basis of this suit.

ANSWER:

10.    Identify each item of damage, loss or expense of Plaintiff's Claim that Defendant contends is not covered by the policy as well as all exclusions under the policy applied to the claim made the basis of this lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

11.    State whether if any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for claims similar to Plaintiff's Claim in regard to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

ANSWER:

12.    To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

13.    To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 and/or 542 and/or any violations of the requirements or obligations owed to Plaintiff(s) under the Policy that were discovered by Defendant on this claim during the claims handling process.

ANSWER:

14.    State the date Defendant first anticipated litigation.

ANSWER:

15.    If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

   <u>ANSWER:</u>

## VERIFICATION

STATE OF _____ §
§
COUNTY OF _____ §

BEFORE ME, the undersigned authority, on this day personally appeared

_____, on behalf of _____, its duly

authorized representative, known to me to be the person whose name is subscribed to the

foregoing instrument, who on his oath did state that the facts contained in the foregoing Answers

to Interrogatories are based upon his personal knowledge and are true and correct.


_____
**AUTHORIZED REPRESENTATIVE**
**FOR DEFENDANT**


SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the

_____ day of _____, 201___.


_____
NOTARY PUBLIC in and for
The State of Texas
My commission expires: _____

## XVIII. PRAYER

18.1    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:  (888) 266-0971
Email: firstpartylit@moore-firm.com


By:     */s/ J. Michael Moore*
J. MICHAEL MOORE
State Bar No. 14349550

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT 1-B



**null / ALL**
**Transmittal Number: 19561349**
**Date Processed: 03/27/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Ignacio Lozano vs. State Farm Lloyd's |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Webb County District Court, TX |
| **Case/Reference No:** | 2019CVK000528D1 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/27/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | J. Michael Moore<br>956-631-0745 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882   |   sop@cscglobal.com

SERVE

2019CVK000528D1

## CITATION BY CERTIFIED MAIL
## THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS
      BY SERVING: CORPORATION SERVICE COMPANY
      211 E 7TH ST STE 620
      AUSTIN TX  78701-3218

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2019CVK000528D1, styled:

IGNACIO LOZANO, PLAINTIFF
VS.
STATE FARM LLOYDS, DEFENDANT

Said Plaintiff's Petition was filed on 03/21/2019 in said court by:
      J MICHAEL MOORE, ATTORNEY FOR PLAINTIFF
      4900 NORTH 10TH STREET STE F-3
      MCALLEN TX  78504

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, on this the 22nd day of March, 2019.

### C L E R K    O F    C O U R T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
         ARLENE GONZALEZ

### CLERK'S CERTIFICATE OF SERVICE

I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this the 22nd day of March, 2019 by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via **Certified Mail No.7017053000037273069** ADDRESSED TO: State Farm Lloyds, By Serving Corporation Service Company, 211 E 7th St Ste 620, Austin Tx  78701-3218 and endorsed thereon "**RETURN RECEIPT REQUESTED**," after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially on this the 22nd day of March, 2019.

                    ESTHER DEGOLLADO
                    CLERK OF THE DISTRICT COURTS AND
                       COUNTY COURT-AT-LAW
                    OF WEBB COUNTY, TEXAS

ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.

                    BY: _____
                         Arlene Gonzalez

# EXHIBIT 1-C

Filed
4/16/2019 10:07 AM
Esther Degollado
District Clerk
Webb District
Michelle Garza
2019CVK000528D1

## CAUSE NO. 2019CVK000528D1

| | | |
|---|---|---|
| **IGNACIO LOZANO** | § | **IN THE DISTRICT COURT** |
| **Plaintiff.** | § | |
| | § | |
| **vs.** | § | **49TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | **WEBB COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER, VERIFIED DENIALS, AFFIRMATIVE DEFENSES AND PLEA IN ABATEMENT

NOW COMES Defendant State Farm Lloyds ("State Farm") and files this Original Answer, Verified Denials, Affirmative Defenses and Plea in Abatement and would show the Court as follows:

### I.
### GENERAL DENIAL

1. Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the law and the Texas Rules of Civil Procedure.

### II.
### VERIFIED DENIAL, DEFENSES AND AFFIRMATIVE DEFENSES

2. Defendant denies that notice and/or proof of loss or claim for damages has been given as required by the Texas Insurance Code. Specifically, Plaintiff has failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003. Specifically, Plaintiff sent State Farm a letter that failed to comply with Section 542A.003(b) because (1) Plaintiff failed to provide State Farm sufficient notice of the specific facts that give rise to Plaintiff's complaint, (2) Plaintiff failed to provide the specific amount alleged to be owed, but instead states that the damages owed range from $26,571.24 - $69,817.34 and the actual damages sought at trial will likely increase, (3) Plaintiff also failed to provide the hourly rate and number of hours used to calculate the

claimed amount of reasonable and necessary attorney's fees incurred by the claimant. TEX. INS. CODE §542A.003

3.      Plaintiff also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as he failed to serve them with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

4.      Defendant denies Plaintiff has performed the conditions precedent to bringing suit.

5.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 541 of the Texas Insurance Code as alleged by Plaintiff.

6.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it violated Chapter 542 of the Texas Insurance Code as alleged by Plaintiff.

7.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it knowingly violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiff.

8.      Pursuant to Texas Rule of Civil Procedure 54, Defendant specifically denies it intentionally violated Chapter 541 or 542 of the Texas Insurance Code as alleged by Plaintiff.

9.      Plaintiff's claim was properly adjusted in compliance with the applicable policy of insurance and applicable statutes.

10.      Because Plaintiff failed to satisfy one or more conditions precedent to recovery, Defendant State Farm is excused from performing under the contract.

11.      Accordingly, Plaintiff has no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following: Plaintiff's failed to promptly notify Defendant about some or all of the alleged damages, Plaintiff has specifically failed to

prove his alleged damages are losses covered under the policy and/or he has failed to segregate the portion of his alleged damages that are covered from the portion that is not covered.

12.     To the extent that Plaintiff prays for exemplary damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiff's pleading of exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments inasmuch as exemplary damages can be assessed:

a.   In an amount left to the discretion of the jury and judge;

b.   In assessing such penalty or exemplary awards, Plaintiffs need only prove the theory of gross negligence on a "clear and convincing evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

c.   The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards.  Therefore, the awards are unduly vague and do not meet the requirements of due process; and

d.   In essence, Defendants are subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal, criminal fines, but Defendants receive none of the basic rights afforded to a criminal when being subjected to possible criminal penalties.

13.     To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

14.     With respect to Plaintiff's claims for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000, pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant reserves the right to seek a bifurcation of any punitive damage issues at the trial of this case as permitted by Chapter 41 of the Texas Civil Practice & Remedies Code.

15.     Plaintiff's claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiff did not provide sufficient written notice of claim reasonably apprising Defendant of the facts relating to the claim.

16.     Plaintiff attempts to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiff has failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give appropriate written notice to a defending party at least sixty (60) days before filing suit. Plaintiff's pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. See TEX. INS. CODE §541.154(a) and §542A.003. Plaintiff has failed to provide the Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code.

17.     Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

18.     Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the

amount of Plaintiff's $1,000.00 deductible.

19.     Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments Defendant State Farm has made to or on behalf of Plaintiff under the policy at issue in this lawsuit, arising from the claim made the basis of this lawsuit.

20.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

21.     Plaintiff's claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiff's Original Petition, or latest live pleading, none being admitted, were

22.     proximately caused in whole or in part by non-covered losses and/or events, including but not limited to the following:

### SECTION I- LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

    g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    i.     wet or dry rot.

23.     Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy.

24.     A bona fide/legitimate dispute exists precluding Plaintiff from recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, or under any other statutory or common law authority.

25.     Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages

awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

## III.

### TRCP 193.7 NOTICE

26.     Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiff in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiff in any pretrial proceeding or trial of this case.

## IV.
### VERIFIED PLEA IN ABATEMENT

**A.     INTRODUCTION AND BACKGROUND FACTS**

27.     On March 21, 2019, 2019, Plaintiff Ignacio Lozano filed an Original Petition against Defendant State Farm.  Plaintiff's Original Petition asserts causes of action against State Farm based upon their handling of Claim No. 53-0530-P52, a claim for damage to the Plaintiff's property located at 607 Bayonne Lane, Laredo, Texas, as a result of a storm that occurred on or about May 21, 2017[1].

28.     Plaintiff's Original Petition seeks damages based on an alleged breach of the insurance contract and alleged violations of the Texas Insurance Code, §541 and §542. Id.

---

[1] *See* Plaintiff's Original Petition, ¶9.

29.     However, Plaintiff filed his Original Petition without providing Defendant the statutory notice required by the Texas Insurance Code.  Specifically, Plaintiff sent State Farm a letter that failed to comply with Section 542A.003(b) because (1) Plaintiff failed to provide State Farm Lloyds sufficient notice of the specific facts that give rise to Plaintiff's complaint, (2) Plaintiff failed to provide the specific amount alleged to be owed, but instead states that the damages owed range from $26,571.24 - $69,817.34 and the actual damages sought will likely increase, (3) Plaintiff also failed to provide the hourly rate and number of hours used to calculate the claimed amount of reasonable and necessary attorney's fees incurred by the claimant.

30.     After Plaintiff filed suit and had Defendant served, Defendant filed its Original Answer on April 19, 2019. Abatement of this action is mandatory under TEX. INS. CODE § 542A.005(b), because Plaintiff failed to comply with Section 542A.003(b), and Defendant has timely filed this Verified Plea in Abatement less than 30 days after they filed their Original Answer.

**B.      ARGUMENT AND AUTHORITIES**

31.     Texas House Bill 1774, which added Chapter 542A to the Texas Insurance Code, became effective for actions filed on or after September 1, 2017.  TEX. INS. CODE § 542A.001, *et seq*. Chapter 542A applies to a "first-party claim . . . made by an insured under an insurance policy providing coverage for real property or improvements to real property . . . [that] arises from damage or loss of covered policy caused, wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm."  TEX. INS. CODE § 542A.001(2)(A) & (C).  Because Plaintiff's action was filed after September 1, 2017 and asserts first party insurance claims arising from hurricane damage[2] that allegedly damaged Plaintiff's residential property, Chapter 542A applies.[3]

---

[2] Plaintiff's Original Petition at Section 5 ¶ 9.
[3] Texas Insurance Code §542A.

32.     In accordance with Texas Insurance Code Section 542A.003, any "person"[4] against whom or which an action is filed to recover damages is entitled to written notice of each claimant's specific complaints against them, the alleged amount of actual damages being sought, and a calculation of attorney's fees purportedly incurred by the claimant as reflected in contemporaneously-kept time records not later than the 61st day before the suit is filed. TEX. INS. CODE § 542A.003 specifically provides:

(a) **In addition to any other notice required by law or the applicable insurance policy**, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

(b) The notice required under this section must provide:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees **incurred** by the claimant, calculated by multiplying the number of hours **actually worked** by the claimant's attorney, as of the date the notice is given and **as reflected in contemporaneously kept time records**, by an hourly rate that is customary for similar legal services.

*Id.* (emphasis added). Additionally, if the claimant's attorney provides the notice, the attorney must also provide a copy of the notice to the claimant and state in the notice that notice was provided to the claimant. TEX. INS. CODE §542A.003(c).

33.     Giving proper notice under Chapter 542A of the Texas Insurance Code does not relieve a claimant of her "obligation to give notice under any other applicable law." TEX. INS. CODE §542A.001(f). Thus, providing the notice required by §542A.003 does not relieve a Plaintiff from

---

[4] As defined by Chapter 542A, "'person' means a corporation, association, partnership, or other legal entity or individual." TEX. INS. CODE **§ 542A.001(5).**

providing the notice required by Section 541.154 of the Texas Insurance Code, which contains a similar notice requirement.

34.     Giving timely and proper written notice prior to asserting legal claims under the Texas Insurance Code is no mere formality.  The Texas courts of appeals have repeatedly recognized the purpose of statutory pre-suit notice requirements are to discourage litigation and encourage settlements of complaints by insureds against their insurer.  *See, e.g., In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App. – Corpus Christi 2011, orig. proceeding).

35.     Furthermore, the pre-suit notice requirement of the Texas Insurance Code is important because it provides the person who is entitled to proper notice, whether an insurance company or an insurance adjuster, an opportunity "to limit his [or its] damage exposure through an offer of settlement, as contemplated by sections 541.156-.159 of the Insurance Code."  *In re Behr*, 2006 WL 468001 at *2-3 (Tex. App. – San Antonio 2006, orig. proceeding) (mem. op.); *see* TEX. INS. CODE §§ 541.156-541.159.  Timely statutory notice also provides the recipient with a statutory window in which to demand an inspection of the property that is the subject of the claim.  TEX. INS. CODE § 542A.004.[5] The statutory opportunity to demand a property inspection allows the insurer to investigate, and possibly resolve, the insured's dispute without the necessity of litigation. *Compare* TEX. INS. CODE § 542A.005(b) (court may abate action to allow property inspection) and § 542A.005(f) (court may not compel participation in an alternative dispute resolution proceeding until after the abatement period has expired).

36.     Plaintiff failed to provide the proper pre-suit notice.  While Counsel for Plaintiff sent State Farm a letter dated June 12, 2018 that purports to comply with Section 542A of the Texas

---

[5] If an inspection of the property is requested under Texas Insurance Code Section 542A.004, but the party requesting the inspection is not provided a reasonable opportunity to inspect, photograph, or evaluate the property, abatement is also required.  TEX. INS. CODE **§ 542A.004(b)(2).**

Insurance Code, the letter failed to meet the requirements of the Texas Insurance Code in at least three material respects.

37.      First, Plaintiff has failed to provide State Farm Lloyds with sufficient notice of the specific facts that give rise to Plaintiff's complaint.  Section 542A.003(b)(1) states the notice must provide "a statement of the acts or omissions giving rise to the claim." The Insurance Code requires Plaintiff to set forth specific factual allegations to support her complaint; conclusory allegations and recitations of boilerplate complaints do not meet the requisite standard.  *C.f. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1651, 2010 WL 2636119 at *1-2. (S.D. Tex. 2010).

38.      However, Plaintiff's "statement of acts/omissions giving rise to the claim" consists almost entirely of boilerplate complaints.  *See Exhibit A* at page 3 and 4.  For example, Plaintiff describes the claim in general terms with stating how State Farm misrepresented facts or failed to discuss pertinent facts or policy provisions with Plaintiff.  *See id.*  Further, Plaintiff does not identify any specific damages to her property that give rise to his claim.  Instead, Plaintiff provides only vague factual assertions that fall well short of the notice required by the Insurance Code. *See, e.g.*, *id.* at 3 ("the property was damaged extensively by a severe storm; *id.*

39.      Second, Plaintiff has failed to provide the specific amount alleged to be owed.  Section 542A.003(b)(2) states the notice must provide "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property."  While Plaintiff lists a range between $19,364.74-$58,094.22 in actual damages (less any amounts [State Farm] paid, if any, and any applicable deductible)," he goes on to state in the next paragraph that "we do not yet know the full extent of damages."  *Exhibit A* at 9.  Plaintiff's letter also states "the damages set out herein will likely increase.  In other words, Plaintiff expressly states in his notice that the specific amount owed of economic damages  is ***not*** the range of $19,369.74-$58,094.22, but

instead a larger (and perhaps much larger) number.  Plaintiff states the damages amount is preliminary because "[his] investigation is not complete." *Id.*  Once Plaintiff's investigation is complete, she should be able to comply with the requirements of the Texas Insurance Code.  Until then, abatement is necessary.

40.     Third, Plaintiff has failed to provide the amount of reasonable and necessary attorney's fees he has incurred.   Section 542A.003(b)(3) states Plaintiff must identify the amount of attorney's fees "incurred," based on the hours his attorney "actually worked" "as of the date [of] the notice" and substantiated by "contemporaneously kept time records." *See* TEX. INS. CODE § 542A.003(b). However, immediately after seeking "$2,500.00 for attorney's fees to date," Plaintiff states "[t]his amount does not represent the 'reasonable and necessary' fees that are owed in this case." *Exhibit A* at 8.  Plaintiff also fails to state how many hours his attorneys actually worked as of the date of the letter, and he fails to include the hourly rate applied to those services. *See id.*

41.     Because Plaintiff failed to provide Defendant with the proper written notice under Sections 542A.003 of the Texas Insurance Code and Section 541.154 of the Texas Insurance Code before he filed suit, this lawsuit must be abated until the 60th day after the date a notice complying with Texas Insurance Code Section 542A.003 and Texas Insurance Code 541.151 is provided. *See* TEX. INS. CODE § 542A.005(e)(1); TEX. INS. CODE. § 541.155(d).  Defendant State Farm moves this Court to abate this lawsuit because of the lack of proper, compliant pre-suit notice, as required under the Texas Insurance Code.

42.     As Defendant filed this Verified Plea in Abatement not later than the 30th day after they filed their Original Answer, the abatement of this lawsuit is automatic beginning on the 11th day after Defendant's Verified Plea in Abatement is filed unless Plaintiff controverts by affidavit

Defendant's denial that the proper statutory notice was given before she filed suit.  *See* Tex. Ins. Code § 542A.005(c); Tex. Ins. Code. § 541.155(d).

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** prays that Plaintiff's lawsuit and pending discovery be abated until the 60th day after the date written notice is provided to Defendant in compliance with Section 542A.003 and 541.154 of the Texas Insurance Code.  Defendant also requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800

/s/ *Dan K. Worthington*
Sofia A. Ramon
Texas Bar No. 00784811
sramon@ramonworthington.com
Dan K. Worthington
Texas Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
Texas Bar No. 24013455
ecantu@ramonworthington.com
Sarah A. Nicolas
State Bar No. 24013543
snicolas@ramonworthington.com
Stephen W. Bosky
Texas Bar No. 24087190
sbosky@ramonworthington.com
Electronic Service to:
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April <u>16</u>, 2019, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F3
McAllen, Texas 78504
956-631-0745 Phone
888-266-0971 Fax
firstpartylit@moore-firm.com
**Counsel for Plaintiff**


　　　　　　　　　　　　　　　　 /s/ *Dan K. Worthington*
　　　　　　　　　　　　　　　　　Dan K. Worthington

# EXHIBIT 1-D

# REGISTER OF ACTIONS
## CASE NO. 2019CVK000528D1

| | | | |
|---|---|---|---|
| **IGNACIO LOZANO VS. STATE FARM LLOYDS** | § | Case Type: | **All Other Civil Cases** |
| | § | Subtype: | **Other** |
| | § | Date Filed: | **03/21/2019** |
| | § | Location: | **--49th District Court** |
| | § | | |

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **STATE FARM LLOYDS** | **DAN K WORTHINGTON** |
| | | *Retained* |
| | | 956-294-4800(W) |
| | | |
| **Plaintiff** | **LOZANO, IGNACIO** | **J MICHAEL MOORE** |
| | | *Retained* |
| | | 9566310745 x8668660971(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/21/2019 | **Civil Case Filed (OCA)** |
| 03/21/2019 | **Atty Request - Issuance** |
| | *LETTER FROM ATTORNEY MOORE LAW FIRM IN RE: ISSUANCE* |
| 03/21/2019 | **Original Petition** |
| | *PLAINTIFF'S ORIIGNAL PETITION AND FIRST SET OF DISCOVERY REQUEST. (AG)* |
| 03/22/2019 | **Calendar Call** |
| | *CALENDAR CALL FAXED TO ATTORNEY MICHAEL MOORE. (AG)* |
| 03/22/2019 | **Citation-Issuance** |
| | *(2) CITATIONS ISSUED AS TO STATE FARM LLOYDS AND SENT BY CERTIFIED MAIL ON 03/22/19. (AG)* |
| 03/22/2019 | **Citation** |
| | STATE FARM LLOYDS          Served          03/27/2019 |
| 04/01/2019 | **Citation Return-Executed** |
| | *RETURN RECEIPT SHOWING SERVICE AS TO STATE FARM LLOYDS BY SERVING CORPORATION SERVICE COMPANY SERVED ON 3/27/19* |
| 04/16/2019 | **Answer-Defendant** |
| | *DEFENDANT'S ORIGINAL ANSWER, VERIFIED DENIALS, AFFIRMATIVE DEFENSES AND PLEA IN ABATEMENT* |
| 06/04/2019 | **Calendar Call**  (1:30 PM) (Judicial Officer Lopez, Jose A.) |